IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **BLITZSAFE TEXAS, LLC,** § § § | |
| Plaintiff, § § | Case No. |
| v. § § | **JURY TRIAL DEMANDED** |
| **NISSAN MOTOR CO., LTD.** and § **NISSAN NORTH AMERICA, INC.,** § § | |
| Defendants. § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Blitzsafe Texas, LLC files this Original Complaint against Defendants, Nissan Motor Co., Ltd. and Nissan North America, Inc. ("Defendants"), for patent infringement under 35 U.S.C. § 271 and alleges as follows:

**THE PARTIES**

1. Plaintiff, Blitzsafe Texas, LLC ("Blitzsafe"), is a limited liability company organized and existing under the laws of the State of Texas, and maintains its principal place of business at 100 W. Houston Street, Marshall, Texas 75670. Blitzsafe sells automotive interface products that allow the end user to connect a third-party external audio device or multimedia device to a car stereo in order to play the content on the device through the car stereo system and speakers. Blitzsafe sells its products throughout the United States including in this judicial district. Blitzsafe is the owner of all right title and interest in and to U.S. Patent No. 7,489,786 and U.S. Patent No. 8,155,342.

2. Upon information and belief, Defendant Nissan Motor Co., Ltd. is a Japanese corporation with a place of business at 1-1, Takashima 1-chome, Nishi-ku, Yokohama-shi, Kanagawa 220-8686, Japan.

3. Upon information and belief, Defendant Nissan North America, Inc. is a California corporation with a place of business at One Nissan Way, Franklin, TN 37067.

## JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants. Defendants conduct business and have committed acts of patent infringement and/or have induced acts of patent infringement by others in this district and/or have contributed to patent infringement by others in this judicial district, the State of Texas, and elsewhere in the United States.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, among other things, Defendants are subject to personal jurisdiction in this district, Defendants have regularly conducted business in this judicial district, and certain of the acts complained of herein occurred in this judicial district.

## PATENTS-IN-SUIT

7. On February 10, 2009, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,489,786 (the "'786 Patent") entitled "Audio Device Integration System." A true and correct copy of the '786 Patent is attached hereto as Exhibit A.

8. On April 10, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,155,342 (the "'342 Patent") entitled "Multimedia Device Integration System." A true and correct copy of the '342 Patent is attached hereto as Exhibit B.

## FACTUAL ALLEGATIONS

9. The patents-in-suit generally cover systems for integrating third-party audio devices and multimedia devices with a car stereo.

10. Defendants manufacture, import and/or sell an audio and multimedia integration system, called NissanConnect™, that has been installed in Nissan-branded vehicles made in or imported into the United States since at least approximately 2009.

11. Defendant manufacture, import and/or sell an audio and multimedia integration system, called InTouch™, that has been installed in Infiniti-branded vehicles made in or imported into the United States since at least approximately 2009.

12. NissanConnect and InTouch support the integration of third-party external audio devices, such as MP3 players, with the car radio. NissanConnect and InTouch permit an end user to connect a third-party external audio or multimedia device to the car radio by wire, such as through a USB port or auxiliary port, or wirelessly, such as through Bluetooth. Once connected, the end user may control the third-party external audio device using the car radio's controls, and the audio from the external audio device may be played through the car radio and speakers.

## COUNT I
### (Infringement of the '786 Patent)

13. Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

14. Blitzsafe has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '786 Patent.

15. Defendants have and continue to directly infringe one or more claims of the '786 patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States infringing products, including the NissanConnect and InTouch audio and media integration systems, without authority and in violation of 35 U.S.C. § 271.

16. Defendants have and continue to indirectly infringe one or more claims of the '786 Patent by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States infringing products, including the NissanConnect and InTouch audio and media integration systems. For example, Defendants, with knowledge that NissanConnect and InTouch infringe the '786 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '786 patent by providing NissanConnect and InTouch product manuals that instruct end users how to use NissanConnect and InTouch, including specifically how to connect their external third-party audio and multimedia devices to the car stereo. Defendants induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '786 Patent, but while remaining willfully blind to the infringement.

17. Defendants have and continue to indirectly infringe one or more claims of the '786 Patent by contributing to the direct infringement, either literally or under the doctrine of equivalents, by others, including end users, by offering to sell, selling and/or importing into the United States the NissanConnect and InTouch audio and media integration systems, with the knowledge, at least as of the date of this Complaint, that NissanConnect and InTouch contain

components that constitute a material part of the inventions claimed in the '786 Patent. Such components include, for example, interfaces that permit an end user to use a car radio's controls to control an external third party audio device. Defendants know that these components are especially made or especially adapted for use in an infringement of the '786 Patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use. Alternatively, Defendants believed there was a high probability that others would infringe the '786 Patent but remained willfully blind to the infringing nature of others' actions.

18. Blitzsafe has suffered damages as a result of Defendants' direct and indirect infringement of the '786 patent in an amount to be proved at trial.

19. Blitzsafe has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '786 patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

20. Defendants have committed and continue to commit acts of infringement despite an objectively high likelihood that its actions constituted infringement of at least one valid and enforceable claim of the '786 patent, and Defendants actually knew or should have known that their actions constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '786 Patent. Defendants' infringement of the '786 Patent has been and continues to be willful, entitling Blitzsafe to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

## COUNT II
**(Infringement of the '342 Patent)**

21. Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

22. Blitzsafe has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '342 Patent.

23. Defendants have and continue to directly infringe one or more claims of the '342 patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States infringing products, including the NissanConnect and InTouch audio and media integration system, without authority and in violation of 35 U.S.C. § 271.

24. Defendants have and continue to indirectly infringe one or more claims of the '342 Patent by knowingly and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States infringing products, including the NissanConnect and InTouch audio and media integration systems.  For example, Defendants, with knowledge that NissanConnect and InTouch infringe the '342 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '342 patent by providing NissanConnect and InTouch product manuals that instruct end users how to use NissanConnect and InTouch, including specifically how to connect their external third-party audio and multimedia devices to the car stereo.  Defendants induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '342 Patent, but while remaining willfully blind to the infringement.

25. Defendants have and continue to indirectly infringe one or more claims of the '342 Patent by contributing to the direct infringement, either literally or under the doctrine of equivalents, by others, including end users, by offering to sell, selling and/or importing into the United States the NissanConnect and InTouch audio and media integration systems, with the knowledge, at least as of the date of this Complaint, that NissanConnect and InTouch contain

components that constitute a material part of the inventions claimed in the '342 Patent.  Such components include, for example, interfaces that permit an end user to use a car radio's controls to control an external third-party audio device.  Defendants know that these components are especially made or especially adapted for use in an infringement of the '342 Patent and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use.  Alternatively, Defendants believed there was a high probability that others would infringe the '342 Patent but remained willfully blind to the infringing nature of others' actions.

26. Blitzsafe has suffered damages as a result of Defendants' direct and indirect infringement of the '342 patent in an amount to be proved at trial.

27. Blitzsafe has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '342 patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

28. Defendants have committed and continue to commit acts of infringement despite an objectively high likelihood that its actions constituted infringement of at least one valid and enforceable claim of the '342 Patent, and Defendants actually knew or should have known that their actions constituted an unjustifiably high risk of infringement of at least one valid and enforceable claim of the '342 Patent.  Defendants' infringement of the '342 Patent has been and continues to be willful, entitling Blitzsafe to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Blitzsafe  prays for relief against Defendants as follows:

      a.      Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of each of the patents-in-suit;

      b.      Entry of judgment declaring that Defendants' infringement of the patents-in-suit has been willful and deliberate;

      c.      An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of the patents-in-suit;

      d.      An order awarding damages sufficient to compensate Blitzsafe for Defendants' infringement of the patents-in-suit, but in no event less than a reasonable royalty, together with interest and costs;

      e.      An order awarding Blitzsafe treble damages under 35 U.S.C. § 284 as a result of Defendants' willful and deliberate infringement of the patents-in-suit;

      f.      Entry of judgment declaring that this case is exceptional and awarding Blitzsafe its costs and reasonable attorney fees under 35 U.S.C. § 285; and

      g.      Such other and further relief as the Court deems just and proper.

Dated: July 16, 2015                                        Respectfully submitted,

                                                                    **BROWN RUDNICK LLP**

                                                                    _/s/ Alfred R. Fabricant_
                                                                    Alfred R. Fabricant
                                                                    Texas Bar No. 2219392
                                                                    Email: afabricant@brownrudnick.com
                                                                    Peter Lambrianakos
                                                                    Texas Bar No. 2894392
                                                                    Email: plambrianakos@brownrudnick.com
                                                                    Lawrence C. Drucker
                                                                    Email: ldrucker@brownrudnick.com
                                                                    Bryan N. DeMatteo

Email: bdematteo@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFF, BLITZSAFE TEXAS, LLC**